UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NORMAND L. BEDFORD
(Petitioner)

CA 05 111S

v.

C.A.No. [redacted]

A.T. WALL II, Director of the
R.I. Department of Corrections, et al.
(Respondents)



**PETITIONER'S MOTION FOR ORDER TO ADJUDGE THE R.I. DEPARTMENT OF CORRECTIONS IN CONTEMPT OF COURT**

Now comes Petitioner, Normand L. Bedford, in the above entitled matter and hereby, moves this Honorable United States Federal District Court, for Order Adjudging the R.I. Department of Corrections Maximum Security Facility Administration (Staff), in Contempt of Court, for failing to adhere to a written notice and filing of a "Temporary Restraining Order" alleging violations of Federal laws, retaliation, unlawful segregation, and harrass-ment. Petitioner relies on the doctrine enunciated in the Federal Rules of Civil Procedure, Rule 65(b), which states in pertinent part, that "A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attor-ney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irrepar-

(3)

able injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required."

Petitioner asserts that he gave proper notice to the R.I. Department of Corrections Chief Legal Counsel Patricia A. Coyne-Fague, on February 21, 2005, and the United States Federal District Court, with certification dates of the same, therefore, the R.I. Department of Corrections should have refrained from retaliating against Petitioner, as they did on March 2, 2005, when Petitioner became the target of harrassment, and retaliation.

Wherefore, Petitioner respectfully requests that this Honorable Court take necessary action in the form of issuance of an Order Adjudging the R.I. Department of Corrections Maximum Security Facility in Contempt of Court for failure to refrain from retaliating and harrassing Petitioner immediately after filing pleadings with this Court alleging the same violations of his Constitutional and Civil Rights.

Petitioner submits the attached Memorandum in Support of the instant motion, and the associated "Affidavit of Complaint" with the certification date of March 4, 2005.

**Respectfully submitted**

Normand L. Bedford

**Normand L. Bedford (Pro se)**
**P.O. Box 8273**
**Cranston, RI 02920**

**Certification**

I, the undersigned hereby certify that I, caused a true copy of the within Motion for Order to Adjudge the R.I. Department of Corrections in Contempt of Court, with the attached Memorandum in Support thereof, and the associated "Affidavit of Complaint" certified on this day of March 4, 2005, to be mailed, Inter-Departmental mail, this 4th day of March, 2005, to: Patricia A. Coyne-Fague Esquire, Chief Legal Counsel, R.I. Department of Corrections, 40 Howard Avenue, Cranston, RI 02920.

Normand L. Bedford

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NORMAND L. BEDFORD
(Petitioner)

v.

C.A.No.[redacted]

A.T. WALL II, Director of the
R.I. Department of Corrections, et al.
(Respondents)



**PETITIONER'S MEMORANDUM IN SUPPORT OF MOTION TO ADJUDGE IN CONTEMPT OF COURT**

1. On February 21, 2005, Petitioner filed a "Petition for a Restraining Order" with this Honorable U.S. Federal District Court, against the Rhode Island Department of Corrections Maximum Security Facility' Administration (Staff), as a whole. Proper notice was made to the R.I. Department of Corrections Chief Legal Counsel, Patricia A. Coyne-Fague, with the certification dated the same.

2. On March 2, 2005, Petitioner was harrassed, and retaliated against by Corrections Officer Justin Amaral, who stopped the Petitioner about his "medically provided work boots." Immediately, thereafter, Petitioner proceeded to go to the "law library" to work on his legal case. Petitioner arrived at the "Education building's outside door" when the "movement then ended." Petitioner was permitted to enter the building with two other inmates. He then entered the "typing room" where he reports daily to obtain

a first come, first serve typewriter, as there are a limited number of typewriters, for a large body of inmates, as stated in Petitioner's "Motion for Executive Order" filed with this Court on February 21, 2005. Notably, Bedford spent approximately five (5), minutes in the typing-room, where he was speaking to inmates about reserving the next available typewriter. He also, spent those moments tieing his shoes in light of Officer Justin Amaral wrongly confiscating his "medically state issued boots." In any event, after Petitioner left the typing-room, he encountered the Officer sitting at the desk outside the door of the law library, who inquired about "Where Bedford was?" Bedford stated that he was in the typing-room for the last five (5), minutes. However, the Officer refuted Bedford's claim and after a brief phone call, accused Bedford of lying to him. Bedford was ordered to leave the Education building and report back to his block. He was also informed at the same time, that, "He was booked for lying." Incidently, Beford has at least two witnesses who can affirm and corroborate his whereabouts immediately prior to confronting the "Desk Officer."

3. In light of the aforementioned facts, reasonable minds can deduce that Petitioner Bedford, was again the subject of harrassment, retaliation and the like, in a "corrupt endeavor" to obstruct the administration of justice, in violation of the United States Code Sections 1503; and Section 1512, which is defined as "intim-

idation of a prospective and potential witness to numerous Federal criminal activity. To further ellaborate on the issue of Petitioner's "medically state issued boots" being wrongly confiscated from him, in demonstrating his christian values and conduct, Bedford "thanked Officer Amaral" in which, Amaral replied "Why are you thanking me? Im probably going to fuck you in the end." Yet, notably, the evening before, Officer Amaral was apparantly working Bedford's Housing Block, and inquired then about his boots. After Bedford told him they were state issued for medical reasons, Officer Amaral replied, "You got everything covered, don't you? He afterwards spoke to Bedford at length about different subjects, but in a friendly manner, until he targeted Bedford the very next morning.

4. Petitioner recalls another incident, when immediately after filing a former "Petition for Restraining Order" for similar offences, filed with this Court on November 26, 2005, he again, was the subject of retaliation, and harrassment, which led to his unlawfully being segregated for over two (2), months, on November 29, 2004, until his downgrade to the Maximum Security Facility on February 10, 2005, from the Medium Security Facility.

5. Petitioner's claims are serious and warrant this Court's immediate intervention and Injunctive Relief, in the forum of it's subject matter jurisdiction.

Therefore, Petitioner respectfully requests that the instant "Motion for Order to Adjudge the Rhode Island Department of Corrections Maximum Security Facility's Administration (Staff), as a whole, in Contempt of Court" be granted, for their failure to acknowledge "Notice of Service" for a second time, of a "Petition for a Restraining Order" and the seriousness of such Petition, and from the failure to refrain, at least until a hearing on the merits thereof, from harrassing, intimidating, and impeding the Petitioner's access to the Court, and from the pursuit of justice involving his 1998 "illegal and void judgment" of conviction and sentence, thus violating his due process rights pursuant to the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, as well as violations of Federal law, 18 U.S.C. §§1503; 1512; and 1702.

Petitioner submits the enclosed "Affidavit of Complaint" whereby, the instant "Motion and Memorandum" have evolved from. That Affidavit is five pages in length involving a Captain Ashton of the Maximum Security Facility.

**Respectfully submitted**

Normand L. Bedford

**Normand L. Bedford (Pro se)**
**P.O. Box 8273**
**Cranston, RI 02920**

**Certification**

I, the undersigned hereby certify that I, caused a true copy of the within Motion for Order to Adjudge the R.I. Department of Corrections in Contempt, with the attached Memorandum in Support thereof, and associated Affidavit of Complaint, to be mailed, Inter-Departmental mail, this 4th day of March ,2005 to: Patricia A. Coyne-Fague Esquire, Chief Legal Counsel, R.I. Department of Corrections, 40 Howard Avenue, Cranston, RI 02920.

Normand L. Bedford

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NORMAND L. BEDFORD
(Petitioner)

v. C.A.No.[redacted]

A.T. WALL II, Director of the
R.I. Department of Corrections, et al.
(Respondents)



**PETITIONER'S AFFIDAVIT OF COMPLAINT**

**I, Affiant/Complainant, Normand L. Bedford, hereby depose and say:**

That I, am an inmate at the Rhode Island Department of Corrections Maximum Security Facility in Cranston, R.I. 02920, and immediately upon my arrival at this facility on February 10, 2005, I began to be "intimidated, degraded, and harrassed" by a Captain Ashton of the Maximum Security Facility, on a consistant basis, in an alleged "corrupt endeavor" to obstruct the administration of justice, and "intimidate, impede, and harrass" Affiant from seeking relief from his unlawful and void judgment of 1998 conviction and sentence, as well as relief from the continuing offenses that he has suffered at the hands of R.I. Department of Corrections officials (Staff), as a whole. Allegations involving Federal criminal activity, enunciated in 18 U.S.C. §§1503; §1702; and §1512. Specifically, Captain Ashton, crossed paths with Affiant on or about 2/23/05, and 2/24/05, when Affiant hand delivered a "request slip" to move from his purported "punishment cell" of

Prudence two (2) Cell #99, as mentioned in Affiant/Petitioner's Motion for Executive Order, filed with this Court on February 21, 2005. Id. at p.6 of memorandum in averment 11, therein. Notably, Affiant's request slip was torn up in front of him and he was further mocked by several Corrections Officers who attempted to incite some kind of a response from Affiant. As Affiant walked away, he was called a "retard" by Captain Ashton, in front of several Corrections Officers.

Another incident arose when Affiant was continually stopped and interrogated about the amount of legal work he could take to the law library. When Affiant was reasoning with one Officer in the presence of Captain Ashton, Officer Justin Amaral was told by the Captain, "just take him to segregation," "don't argue with him." Affiant was not arguing at all, but instead asserting himself by reasoning with Officer Amaral, explaining that he needed all the work that he was in possession of. This was just days after Affiant arrived at the Maximum Security Facility, and also after his legal material and evidence was taken from him upon commitment to be stored in a restricted area, as mentioned in Affiant's memorandum mentioned above. Id. at p.3 of memorandum in averment 4, therein. (Memorandum filed in C.A.No.04-527L.

Affiant also filed a "Restraining Order" againt the R.I. Department of Corrections, et al., in light of his ongoing claims of "intimidation, harrassment, and obstruction of justice. More importantly, is after the R.I. Department of Corrections Chief Legal Counsel Patricia A. Coyne-Fague Esquire was put on notice of the Affiant's "Restraining Order" filed on February 21, 2005, Affiant learned that on March 2, 2005, Captain Ashton entered his housing area, and allegedly inquired of Corrections Officer McDonald and C/O Morrissette, whether Affiant and inmate Normand Bedford asked

about moving to another cell, as previously requested. Captain Ashton was reportedly alleged to have then instructed the Block Officers' of Prudence two (2), on March 2, 2005, that "If Affiant Bedford from cell #99, asks to be moved to another cell, 'book him' and then let me know about it."

Affiant asserts and alleges that he is being unlawfully targeted by Captain Ashton, and has been, since his arrival at the Maximum Security Facility in a "corrupt endeavor" to impede, hamper, and delay Affiant's legal endeavors, in violation of his due process rights pursuant to the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

In light of the most recent revelations where Captain Ashton has "secretly induced" and instructed Corrections Officer's McDonald and apparantly C/O Morrissette, on the date of March 2, 2005, to both "book Affiant, Bedford" and then "notify Captain Ashton" relative to such, it is inferred that Captain Ashton, has malicious intent and a preoccupation with attacking and interfering with Affiant's personal legal affairs, as mentioned in Affiant's prior and most recent pleadings with this Court.

It has also been repeatedly reported that Captain Ashton, enjoys "macing" inmates in the face for little or no reason. The repeated reports by a greater majority of the inmate population, is that Captain Ashton is not only "hostile towards inmates" but vulgar, unethical to the point of "viscious". How Executive Officers' within the higher class of the R.I. Department of Corrections Administration, can allow such malicious, unlawful and unproffessional conduct by Superior Officer's such as Captain Ashton, is beyond comprehension.

Nevertheless, Affiant's concern and right of redress, involving his 1998 illegal and void judgment are of great importance. Affiant has filed a "Petition for a Restraining Order" on two seperate occassions, with this Honorable U.S. Federal District Court, yet he continues to be "intimidated, harrassed and threatened with disciplinary sanctions" in both the Medium Security and now Maximum Security Facility.

Therefore, whether or not Affiant's "Petition for Restraining Order" is in affect, in light of his giving proper "Notice" to the R.I. Department of Corrections as early as February 21, 2005, he hereby, moves this Honorable U.S. Federal District Court for an Order to Adjudge the State in Contempt, for failure to refrain from "harrassing, intimidating or threatening" Affiant in the due course of his litigation process in this Court.

Affiant submits the attached "Motion for Order to Adjudge the State (R.I. Department of Corrections Maximum Security Officials) in Contempt". See Exhibit "A", herein.

**Respectfully submitted**

Normand L. Bedford

**Normand L. Bedford (Pro se)**
**P.O. Box 8273**
**Cranston, RI 02920**

**Certification**

I, the undersigned hereby certify that I caused a true copy of the within Affidavit of Complaint and attached Motion to Adjudge the State in Contempt, to be mailed, InterDepartmental mail, this 4th day of March ,2005, to: Patricia Coyne-Fague Esquire, R.I. Department of Corrections, 40 Howard Avenue, Cranston, RI 02920.

Wherefore, I Affiant/Complainant, Normand L. Bedford, hereby depose and say under the penalty of perjury that the aforemention -ed declarations and allegations within the body of this Affidavit of Complaint, are true, correct and complete, not misleading, the truth, the whole truth, and nothing but the truth, so help me God.

**Respectfully submitted**

**Dated:** Marcn 4, **,2005.**

Normand L. Bedford

**Normand L. Bedford (Pro se)**
**P.O. Box 8273**
**Cranston, RI 02920**

**Subscribed and sworn before me in Cranston, Rhode Island, the County of** Providence **in the State of Rhode Island and Providence Plantations, this** 4th **day of** March **,2005.**

**Dated:** 3/4 **,2005.**

**Clerk/Notary Public**

COMMISSION EXPIRES
9-22-05