UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORMAND BEDFORD<br>(Plaintiff) | * * * * | |
| v. | * | C.A.No.05-111S |
| | * * | |

A.T. WALL, Director of the
R.I. Dept. of Corrections, et al.,
Warden Walter Whitman, Medium Security
Senior Accountant Lucille Curran, R.I.
Dept. of Corrections Inmate Accounts.
(Defendants)

**PLAINTIFF'S MOTION TO SHOW CAUSE**

Now comes Plaintiff, Normand Bedford, in the above entitled action and hereby moves to "Show Cause" why his case should not be dismissed for lack of prosecution; namely, failure to make service within 120 days after filing the complaint as required by Fed. R. Civ. P. 4(m), pursuant to this Court's "Show Cause Order" of July 22, 2005, enclosed herein.

Wherefore, Plaintiff, prays that this action would not be dismissed for the reasons set forth within the attached memorandum in support of this motion.

Respectfully submitted

Normand Bedford

Normand Bedford (Pro se)
P.O. Box 8273
Cranston, R.I.02920-0273

**Certification**

I hereby certify that I caused original copy of the within motion and memorandum with attachments to be mailed this **3rd** day of **August** ,2005, interdepartmental mail, to: Patricia Coyne-Fague Esquire, Chief Legal Counsel, Rhode Island Dept. of Corrections, 40 Howard Avenue, Cranston, R.I. 02920

Normand Belford

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NORMAND BEDFORD (Plaintiff)

v. C.A.No. 05-111S

A.T. WALL, Director of the R.I. Dept. of Corrections, et al., Warden Walter Whitman, Medium Security Senior Accountant Lucille Curran, R.I. Dept. of Corrections Inmate Accounts. (Defendants)



**PLAINTIFF'S MEMORANDUM TO SHOW CAUSE**

Now comes Plaintiff, Normand Bedford, in the above entitled action and hereby "shows cause" why his case should not be dismissed for lack of prosecution, pursuant to this Court's July 22, 2005 "Show Cause Order." The facts are as follows:

**Background**

On March 11, 2005, Plaintiff, Normand Bedford, filed an action in this Honorable Court against Rhode Island Department of Corrections officials named above, alleging violations of the "Financial Institutions, Reform, Recovery and Enforcement Act" of 1989 [12 U.S.C.A. §1883a]; and Section 9:51. On April 22, 2005, this Court forwarded Plaintiff forms with instructions to "effect service on the named defendant(s)," pursuant to Rule 4 of the Federal Rules of Civil Procedure. See attached letter of April 22, 2005, herein.

On May 6, 2005, Plaintiff filed a copy of his complaint and one copy of the "Notice of Lawsuit" form and two copies of the "Waiver of Service of Summons" upon all the named defendants as the Court instructed him in it's April 22, 2005 letter attached hereto. In that letter it provides that "The defendant will have 60 days from the date you sent the forms to file thier answer to your complaint. You **must** file with the Court all "Waiver of Service" forms you receive from the defendant(s)."

Nevertheless, Plaintiff never received the "Waiver of Service" forms back from any of the defendants within the time proscribed by rule. Plaintiff was working on other important litigation and was about to notify the Court regarding the defendants **failure** to return the essential forms to the Plaintiff for filing with the Court. See enclosed herein, three (3) letters dated May 6, 2005, addressed to each of the defendants in this case, including the copies of the "Waiver of Service" and "Notice of Lawsuit and Request for Waiver of Service of Summons."

**Conclusion**

Plaintiff has taken every known action against the defendants relevant to his cause. Plaintiff submits that he is not an attorney and is acting "pro se" in this matter. Therefore, if there is something that he missed, he respectfully requests

that this Honorable Court take cognizance of the fact that Plaintiff has not abandoned his cause and has taken every opportunity to prosecute this case effectively and efficiently as possible, and further requests that he be given fair opportunity and instructions on what is necessary to proceed to the next phase of h is litigation in this matter, respectively.

Thus, Plaintiff, prays that he has satisfied this Honorable Court in it's July 22, 2005 Order to Show Cause why his case should not be dismissed for lack of prosecution; namely, failure to make service within 120 days after filing the complaint as required by Fed. R. Civ. P. 4(m).

**Respectfully submitted**

**Dated: August 3, 2005.**

Normand Bedford

**Normand Bedford (Pro se)**
**P.O. Box 8273**
**Cranston, RI 02920-0273**

## Certification

I hereby certify that I, caused original oppy of the within memorandum to show cause to be mailed this **3rd** day of **August**, 2005, interdepartmental mail, to: Ms. Patricia Coyne-Fague, Esquire R.I. Department of Corrections, Chief Legal Counsel, 40 Howard Avenue, Cranston, Rhode Island 02920.

Normand Bedford

David A. DiMarzio
Clerk of Court

# *UNITED STATES DISTRICT COURT*
## *District of Rhode Island*

Paulette J. Dube
Chief Deputy Clerk

April 22, 2005

Normand Bedford
ACI
Medium Security
PO Box 8274
Cranston, RI 02920

**RE: Bedford v. Wall, C.A. No. 05-111S**

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, you are required to effect service on the named defendant(s). Service upon defendants who are employees of the Adult Correctional Institution (ACI) can be accomplished by mailing, **via interdepartmental mail**, a copy of the Complaint along with the attached forms.

The first form is the "Notice of Lawsuit and Request for Waiver of Service of Summons" and the second form is titled "Waiver of Service of Summons". You should complete one copy of the "Notice of Lawsuit" form and two copies of the "Waiver of Service" form for each defendant. Once you have completed the forms, then mail, via interdepartmental mail, a copy of the Complaint and the above mentioned forms to each defendant.

If a defendant returns to you a "Waiver of Service" form, you do not need to do anything else to effect service. The defendant will have 60 days from the date you sent the forms to file their answer to your complaint. You **must** file with the Court all "Waiver of Service" forms you receive from the defendant(s).

If the defendant(s) is not employed by the ACI, or does not accept service in the manner set forth above, you are required to effect service by other means pursuant to Rule 4 of the Federal Rules of Civil Procedure.

DAVID A. DIMARZIO
Clerk of Court

By_______________
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

NORMAND L. BEDFORD

v. C.A. No. 05-111S

A.T. WALL II, Director
of the R.I. Department of
Corrections, et al.

**SHOW CAUSE ORDER**

On or before August 12, 2005, the plaintiff is hereby ordered to show cause, in writing, why this case should not be dismissed for lack of prosecution; namely, failure to make service within 120 days after filing the complaint as required by Fed. R. Civ. P. 4(m). Failure to comply will result in dismissal.

By Order,

Deputy Clerk

ENTER:

William E. Smith
United States District Judge

Date: 7/22/05

Department of Corrections
Walter Whitman
Warden of Medium Security
40 Howard Avenue
Cranston, RI 02920

May 6, 2005

Re: Normand Bedford/Lawsuit
Filing of Complaint/Request
for Waiver of Service of Summons.

Dear Warden Whitman:

Enclosed is a copy of my complaint against you and members of your staff. I have enclosed a Notice of Lawsuit and Request for Waiver of Service of Summons. I will be waiting for your prompt response thereto.

Sincerely

Normand Bedford

Normand Bedford (Pro se)
P.O. Box 8273
Cranston, RI 02920

Cc: file

Department of Corrections
Lucille Curran
Senior Accountant
40 Howard Avenue
Cranston, RI 02920

May 6, 2005

Re: Normand Bedford/Lawsuit
Filing of Complaint/Request
for Waiver of Service of Summons.

Dear Ms. Curran:

Enclosed is a copy of my complaint against you and members of your staff. I have enclosed a Notice of Lawsuit and Request for Waiver of Service of Summons. I will be waiting for your prompt response thereto.

Sincerely

Normand Bedford

Normand Bedford (Pro se)
P.O. Box 8273
Cranston, RI 02920

Cc: file

Department of Corrections
Director A.T. Wall II
40 Howard Avenue
Cranston, RI 02920

May 6, 2005

Re: Normand Bedford/Lawsuit
Filing of Complaint/Request
for Waiver of Service of Summons.

C.A.No.05-111S

Dear Director Wall II:

Enclosed is a copy of my complaint against you and members of your staff. I have enclosed a Notice of Lawsuit and Request for Waiver and Service of Summons. I will be waiting for your prompt response thereto.

Sincerely

Normand Bedford

Normand Bedford (Pro se)
P.O. Box 8273
Cranston, RI 02920

Cc: file

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO: (A) ASHBEL T. WALL II, 40 HOWARD AVENUE, CRANSTON, RI 02920

as (B) DIR. OF R.I. DEPT. OF CORR. of (C) ASHBEL T. WALL II

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) PROVIDENCE COUNTY District of RHODE ISLAND 02903 and has been assigned docket number (E) 05-111S.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) 10 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this 6th day of MAY, 2005.

Norman Bedford
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A — Name of individual defendant (or name of officer or agent of corporate defendant)
B — Title, or other relationship of individual to corporate defendant
C — Name of corporate defendant, if any
D — District
E — Docket number of action
F — Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO: (A) WALTER WHITMAN, 40 HOWARD AVENUE, CRANSTON, RI 02920

as (B) WARDEN OF (DOC) MED. SEC. RI of (C) DIR. A.T. WALL (RIDOC)

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) PROVIDENCE COUNTY District of RHODE ISLAND 02903 and has been assigned docket number (E) 05-111S .

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) 10 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this 6th day of MAY , 2005 .

Norman Bedford

Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A — Name of individual defendant (or name of officer or agent of corporate defendant)
B — Title, or other relationship of individual to corporate defendant
C — Name of corporate defendant, if any
D — District
E — Docket number of action
F — Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO: (A) LUCILLE CURRAN, 51 WEST AVENUE, CRANSTON, RI 02920

as (B) SENIOR ACCOUNTANT of (C) DIR. A.T. WALL II, (R.I.D.O.C.)

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) PROVIDENCE COUNTY District of RHODE ISLAND 02903 and has been assigned docket number (E) 05-111S.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) 10 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this 6th day of MAY, 2005.

Norman Bedford
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A — Name of individual defendant (or name of officer or agent of corporate defendant)
B — Title, or other relationship of individual to corporate defendant
C — Name of corporate defendant, if any
D — District
E — Docket number of action
F — Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

# WAIVER OF SERVICE OF SUMMONS

TO: ______________________________________________
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, ______________________________________ , acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of ______________________________
(CAPTION ACTION)

which is case number ______________________________ in the United States District Court
(DOCKET NUMBER)

for the District of Rhode Island

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting)

if an answer or motion under Rule 12 is not served upon you within 60 days after ______________
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

______________________ ______________________________________
(DATE) (SIGNATURE)

Printed/Typed Name: ______________________________

As ______________________ of ______________________
(TITLE) (CORPORATE DEFENDANT)

## Duty to Avoid unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

This form was electronically produced by John Etchells and Richard Jones using Omniform Internet Publisher