U.S. Federal District Court
Attn: Ms. Barbara Gilfillan
One Exchange Terrace
Providence, RI 02903

September 1, 2005

Re: Request for "Service of Complaint" and Summons' to be effectuated by special Officer of the Court; or United States Marshall; or other designee.

C.A.No.05-111S

Dear Ms. Gilfillan:

Enclosed are three (3), copies of my Complaint against several Rhode Island Department of Corrections officials. I am submitting three (3), associated "Summons" ; along with three (3), copies of original "Notice of Lawsuit and Request for Waiver of Service of Summons." I am concerned as to why the Court did not send me the copies of my **notorized summons'** when I last sent my Complaint and associated papers for service.

I was never apprised of the fact, that the Court must appoint a United States Marshall, deputy United States Marshall, or other person or officer specially appointed by the Court for service to be effected, pursuant to 28 U.S.C. §1915, when a Plaintiff, as myself, is authorized to proceed in forma pauperis, as described in Rule 4 of the Federal Rules of Civil Procedure.

I also, requested the Court to provide me with instructions as to what to do next, after the named Defendant(s), did not answer or send me back the "Waiver of Service of Summons." The copies of my complaint are extensive and costly to copy. I have spent or am otherwise indebted to the RI Department of Corrections in the amount of over six ($600.00), hundred dollars, for legal copies and postage, most of which, involve serious and repeated violations of due process of law.

Please assist me in the "Service of Process" that I may prosecute this matter. I will be pleased to receive a response to this letter. Thank you.

Sincerely, Normand Bedford

Normand Bedford (Pro se)
P.O. Box 8273
Cranston, RI 02920

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

DISTRICT OF

NORMAND BEDFORD

V.

R.I. DEPT. OF CORRECTIONS, et al.,
Director A.T. WALL, et al.

## SUMMONS IN A CIVIL CASE

CASE NUMBER: 05-111S

TO: (Name and address of defendant)

**DEPTARTMENT OF CORRECTIONS**
**DIRECTOR ASHBEL T. WALL, II**
**40 HOWARD AVENUE**
**CRANSTON, RHODE ISLAND**
**02920**

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

**NORMAND L. BEDFORD (Pro se)**
**P.O. BOX 827**
**CRANSTON, RHODE ISLAND**
**02920-027**

an answer to the complaint which is herewith served upon you, within **three (3)** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE

(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

DISTRICT OF

NORMAND BEDFORD

V.

R.I. DEPT. OF CORRECTIONS
WARDEN WALTER WHITMAN, (ACI)
MEDIUM SECURITY FACILITY

## SUMMONS IN A CIVIL CASE

CASE NUMBER: 05-111S

TO: (Name and address of defendant)

DEPTARTMENT OF CORRECTIONS
WARDEN WALTER WHITMAN
51 WEST ROAD, (MEDIUM SECURITY)
CRANSTON, RHODE ISLAND
02920

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

NORMAND L. BEDFORD (Pro se)
P.O. BOX 827
CRANSTON, RHODE ISLAND
02920-027

an answer to the complaint which is herewith served upon you, within three (3) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE

(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

DISTRICT OF

NORMAND BEDFORD

V.

MS. LUCILLE CURRAN,
SENIOR ACCOUNTANT, RI DEPT.
OF CORRECTIONS, (ACI)

## SUMMONS IN A CIVIL CASE

CASE NUMBER: 05-111S

TO: (Name and address of defendant)

DEPTARTMENT OF CORRECTIONS
SENIOR ACCOUNTANT MS. LUCILLE CURRAN
51 WEST ROAD BUILDING No.138
CRANSTON, RHODE ISLAND
02920

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

NORMAND L. BEDFORD (Pro se)
P.O. BOX 827
CRANSTON, RHODE ISLAND
02920-027

an answer to the complaint which is herewith served upon you, within three (3) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE

(BY) DEPUTY CLERK

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO: (A) ASHBEL T. WALL II, 40 HOWARD AVENUE, CRANSTON, RI 02920

as (B) DIR. OF R.I. DEPT. OF CORR. of (C) ASHBEL T. WALL II

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) PROVIDENCE COUNTY District of RHODE ISLAND 02903 and has been assigned docket number (E) 05-111S.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) 10 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this 3rd day of Sept. ~~APRIL~~, 2005.

Normand Bedford

Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A — Name of individual defendant (or name of officer or agent of corporate defendant)
B — Title, or other relationship of individual to corporate defendant
C — Name of corporate defendant, if any
D — District
E — Docket number of action
F — Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO: (A) WALTER WHITMAN, 40 HOWARD AVENUE, CRANSTON, RI 02920

as (B) WARDEN OF (DOC) MED. SEC. RI of (C) DIR. A.T. WALL (RIDOC)

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) PROVIDENCE COUNTY District of RHODE ISLAND 02903 and has been assigned docket number (E) 05-111S.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) 10 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this 3rd day of Sept. ~~APRIL~~, 2005.

Normand Bedford

Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A — Name of individual defendant (or name of officer or agent of corporate defendant)
B — Title, or other relationship of individual to corporate defendant
C — Name of corporate defendant, if any
D — District
E — Docket number of action
F — Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO: (A) LUCILLE CURRAN, 51 WEST AVENUE, CRANSTON, RI 02920

as (B) SENIOR ACCOUNTANT of (C) DIR. A.T. WALL II, (R.I.D.O.C.)

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) PROVIDENCE COUNTY District of RHODE ISLAND 02903 and has been assigned docket number (E) 05-111S.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) 10 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this 3rd day of Sept. ~~APRIL~~, 2005.

Normand Bedford

Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A — Name of individual defendant (or name of officer or agent of corporate defendant)
B — Title, or other relationship of individual to corporate defendant
C — Name of corporate defendant, if any
D — District
E — Docket number of action
F — Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

# WAIVER OF SERVICE OF SUMMONS

TO: ______________________________________________
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, ______________________________, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of ______________________________
(CAPTION ACTION)

which is case number ______________________ in the United States District Court
(DOCKET NUMBER)

for the District of Rhode Island

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after ______________
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

______________ (DATE) ______________________________ (SIGNATURE)

Printed/Typed Name: ______________________________

As ______________ (TITLE) of ______________ (CORPORATE DEFENDANT)

## Duty to Avoid unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

This form was electronically produced by John Etchells and Richard Jones using Omniform Internet Publisher

David A. DiMarzio
Clerk of Court

**_UNITED STATES DISTRICT COURT_**
**_District of Rhode Island_**

Paulette J. Dube
Chief Deputy Clerk

April 22, 2005

Normand Bedford
ACI
Medium Security
PO Box 8274
Cranston, RI 02920

**RE: <u>Bedford v. Wall</u>, C.A. No. 05-111S**

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, you are required to effect service on the named defendant(s). Service upon defendants who are employees of the Adult Correctional Institution (ACI) can be accomplished by mailing, **via interdepartmental mail**, a copy of the Complaint along with the attached forms.

The first form is the "Notice of Lawsuit and Request for Waiver of Service of Summons" and the second form is titled "Waiver of Service of Summons". You should complete one copy of the "Notice of Lawsuit" form and two copies of the "Waiver of Service" form for each defendant. Once you have completed the forms, then mail, via interdepartmental mail, a copy of the Complaint and the above mentioned forms to each defendant.

If a defendant returns to you a "Waiver of Service" form, you do not need to do anything else to effect service. The defendant will have 60 days from the date you sent the forms to file their answer to your complaint. You **must** file with the Court all "Waiver of Service" forms you receive from the defendant(s).

If the defendant(s) is not employed by the ACI, or does not accept service in the manner set forth above, you are required to effect service by other means pursuant to Rule 4 of the Federal Rules of Civil Procedure.

DAVID A. DIMARZIO
Clerk of Court

By___________
Deputy Clerk

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**NORMAND BEDFORD**

**v.** **C.A. No. 05 - 111 S**

**A.T. WALL**, et al.

**Report and Recommendation**

Jacob Hagopian, Senior United States Magistrate Judge

On March 11, 2005, plaintiff Normand Bedford filed with the Court a Complaint pursuant to 42 U.S.C. § 1983 and named as defendants officials or employees at the Rhode Island Department of Corrections. Having not effected service on any of the named defendants, the District Court issued to Bedford an Order to Show Cause, in writing, why the instant case should not be dismissed to due lack of service of process within the 120 day time period. See Fed.R.Civ.P. 4 (m).

In response to the Order to Show Cause, plaintiff indicates that he attempted to serve the defendants through interdepartmental mail. See Plaintiff's Memorandum to Show Cause, at 1-2. However, he was unsuccessful. Id. Plaintiff also indicates that he was confined in segregation for almost two months of the 120 day period (May 2, 2005 through June 27, 2005). See Plaintiff's Supplemental Memorandum in Support of Motion to Show Cause, at 2. During this time, access to his legal files was allegedly curtailed. Id. Accordingly, plaintiff seeks an extension of time in which to complete service.

Since the plaintiff was confined in segregation for a significant amount of time and since during that time access to his legal materials was allegedly curtailed, I find that the plaintiff has shown cause and I recommend that the plaintiff be provided an additional sixty days, from the date of this Report and Recommendation, to effect service of process pursuant to Fed.R.Civ.P. 4 on all

of the named defendants.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); Local Rule 32. Failure to filed timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
August 23, 2005