Court

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NORMAND BEDFORD
(Plaintiff)

v. C.A.No.05-111S

A.T. WALL, Director of the
R.I. Dept. of Corrections, et al.
(Defendant(s)

**PLAINTIFF'S OBJECTION AND REBUTTAL TO THE DENIAL AND REJECTION OF EXHIBITS D AND E**

Now comes Plaintiff, Normand Bedford, in the above entitled matter and hereby, submits his "Objection and Rebuttal to the Denial and Rejection of Exhibits D and E of his Complaint," which was filed several different times, notably, **March 11, 2005, September 06, 2005, and October 20, 2005,** without any clarification that the above noted Exhibits D and E were allegedly, not attached as the Court now claims in their **October 20, 2005,** correspondence to the Plaintiff.

Wherefore, the Plaintiff respectfully, submits his "Objection and Rebuttal to the Denial and Rejection of Exhibits D and E of his Complaint.

Plaintiff submits the attached Memorandum in Support of this pleading.

**Certification**

I, the undersigned hereby certify, that I, caused a true copy of the within "Objection and Rebuttal Memorandum" to be mailed this **1st** day of **November**, **2005**, to: Ms. Patricia A. Coyne-Fague Esquire, Chief Legal Counsel, RI Dept. of Corrections 40 Howard Avenue, Cranston, RI 02920.

Normand Bedford

**NORMAND BEDFORD (Pro se)**
**P.O. BOX 8273**
**CRANSTON, RI 02920-0273**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NORMAND BEDFORD
(Plaintiff)

v. C.A.No.05-111S

A.T. WALL, Director of the
R.I. Dept. of Corrections, et al.
(Defendant(s))



**PLAINTIFF'S MEMORANDUM IN SUPPORT OF DENIAL AND REJECTION OF EXHIBITS D AND E TO AFFIDAVIT OF COMPLAINT**

Now comes Plaintiff, Normand Bedford, in the above entitled matter and hereby, submits the instant Memorandum in Support of the attached "Objection and Rebuttal to the Denial and Rejection of Exhibits D and E of his 'Affidavit of Complaint' filed with this Court several different times. The facts are as follows:

1. On **October 4, 2004,** the Appellant filed his Affidavit of Complaint with it's Exhibits A thru E. The same was filed with Rhode Island Attorney General Mr. Patrick Lynch, via certified mail receipt, Article No.7099 3400 0009 7297 3609.

2. On **September 6, 2005,** again the Appellant filed a copy of his Complaint with this Honorable United States Federal District Court, time stamped on the date of the same. **See** Copy of cover-letter dated **October 4, 2004,** with the Court's stamp of receipt, dated **September 6, 2005,** herein.

3. On **October 20, 2005,** the Appellant filed his "Affidavit of Complaint" with this Court dated **October 4, 2004,** time stamped **October 20, 2005. See enclosed copy of the cover-letter with the Court's stamp of receipt.**

4. On the dates noted above, the Plaintiff's Complaint was received on several different occasions. Notably, the cover-letter dated **October 4, 2004,** and the **certification page,** exemplify that the enclosed Complaint had attached **Exhibits A-E.**

5. On **October 20, 2005,** this Court sent the Appellant a letter signed by the "Case Management Supervisor," Ms. Paula Farrell Pletcher, now claiming that the **"Original Complaint did not contain Exhibits D and E." See** the enclosed correspondence dated **October 20, 2005.**

6. The Plaintiff contends that the Defendant's, nor this Honorable Court, has ever before the date of **October 20, 2005,** provided him **any notice** of allegations that "There were exhibits allegedly, missing from the Complaint that was filed on at least three (3), different occasions, and now **rejects** that evidence which is viable to his cause. **See** enclosed **October 20, 2005,** correspondence to the Plaintiff from this Court.

7. The Plaintiff asserts that "This Court allegedly, errored in **rejecting** his evidence provided in **Exhibits D and E** of his Complaint, filed for a forth (4th), time on **March 11, 2005,** because the

is "Relevant Evidence" pursuant to the Federal Court Rules of Civil Procedure, Article IV Rule 401., which states that "Relevant evidence" means evidence having any tendency to make the existance of any fact that is of consequence to the determination of the action **more probable** or less probable than it would be without the evidence. Plaintiff further argues that the evidence in the form of **Exhibits D and E** are crucial to his cause, because that material is the accounting data related to a "Financial Institutions" alleged criminal activity. Moreover, since the Defendant's and the Court collectively, "Failed to make any inquiry" regarding the alleged missing exhibits, despite the Complaint being received by the Court on at least three (3), seperate occasions, as mentioned herein, the Plaintiff 'should not' be precluded from the acceptance of all relevant evidence for determination, especially, in light of the "Cover-page of the Complaint" evincing the filing of exhibits A-E, and receipt of the same prior to the Court's forwarding the Complaint to the United States Marshall Service for delivery. **See** enclosed **October 20, 2005,** correspondence to the Plaintiff by the Court. **See** also, Article III. Rule 301 titled "Presumptions in Civil Actions and Proceedings" whereby, it states in pertinent part, that "Presumptions governed by this rule are given the effect of placing upon the opposing party the burden of establishing the **nonexistance of the presumed fact,** once the party invoking the presumption establishes the basic facts giving rise to it." Furthermore, "The same considerations of fairness, policy, and probability which dictate

the allocation of the burden of the various elements of a case as between the prima facie case of a plaintiff and affirmative defenses also underlie the creation of presumptions. These considerations are not satisfied by giving a lesser effect to presumtions. **Morgan and Maguire, Looking Backward and Forward at Evidence, 50 Harvard L.Rev. 909, 913 (1937); Morgan Instructing the Jury upon Presumptions and Burden of Proof, 47 Harv.L.Rev. 59, 82 (1933); Clearly, Presuming and Pleading: An Essay on Juristic Immaturity, 12 Stan. L.Rev. 5 (1959).**

Therefore, the Plaintiff should be able to marshall all **relevant evidence** for determination, **notably, Exhibits D and E of Complaint.**

**Respectfully submitted**

Normand Bedford

**NORMAND BEDFORD (Pro se)**
**P.O. BOX 8273**
**CRANSTON, RI 02920-0273**

## Certification

I the undersigned hereby, certify, that I caused a true copy of the within "Objection and Rebuttal Memorandum" to be mailed this **1st** day of **November ,2005, interdepartmental mail,** to: Ms. Patricia A. Coyne-Fague, Esquire, Chief Legal Counsel, RI Dept. of Corrections, 40 Howard Avenue, Cranston, RI 02920.

Normand Bedford