**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Normand Bedford,** ***pro se*** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-111S** |
| | : | |
| **A.T. Wall, Director of the Rhode Island Department of Corrections, and the Rhode Island Dept. of Corrections** | : | |

**DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)(6)**

Now come the Defendants in the above-entitled action and hereby move, pursuant to Rule 12 of the Federal Rules of Civil Procedure to dismiss this action. Defendants submit that Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted under Rule 12(b)(6). Defendant's arguments are set forth in the accompanying Memorandum.

Defendants, by their attorney,

Kathleen Kelly

Kathleen M. Kelly #5501
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-2622
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, postage-prepaid, to Plaintiff, Normand Bedford, Maximum Security, P.O. Box 8273, Cranston, RI 02920, on this 2nd day of November, 2005.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Normand L. Bedford, *pro se*** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-111S** |
| | : | |
| **A.T. Wall II, Director of the Rhode Island Department of Corrections, et al.** | : | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS UNDER RULE 12**

Now come the Defendants in the above-entitled action and hereby submit this Memorandum of Law in support of its Motion to Dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure. Defendants submit that Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted under Rule 12(b)(6).

**Facts and Travel of the Case:**

Plaintiff, Norman Bedford, is an inmate currently housed at the Adult Correctional Institution, located in Cranston, Rhode Island. Plaintiff has filed suit in Federal District Court for the District of Rhode Island, alleging that the Department of Corrections and its agents and employees has stolen and misappropriated plaintiff's personal funds from his inmate bank account. Specifically, plaintiff claims that on numerous occasions one Shirley Santos deposited various sums of money in plaintiff's inmate bank account and that after plaintiff made purchases from the inmate commissary, the Department illegally stole the remaining balances from his account.

Plaintiff alleges this misappropriation of funds violates the Department of Corrections policy #13.03; the Financial Institutions Reform, Recovery and Enforcement Act of 1989, 12 U.S.C.A. § 1883(a); Obstruction of Justice under 18 U.S.C.S. §1503; and Rhode Island General Laws § 11-41-11, 11-41-11.1, and 11-41-12.

Defendants have filed this Motion to Dismiss in response to Plaintiff's allegations and submit that under any of the statutory authority cited by Plaintiff, he fails to state any claims by which relief may be granted in the Federal Court.

## I. Standard of Review under a 12(b)(6) Motion to Dismiss:

Federal Rule of Civil Procedure 12(b)(6) provides "that a party is entitled to the dismissal of actions that fail to state a claim upon which relief can be granted. In considering a motion to dismiss brought pursuant to this rule, the court must accept the well-pleaded averments of the plaintiff's complaint as true, and view these facts in the light most favorable to the plaintiff". *Chongris v. Bd. Of Appeals*, 811 F.2d 36, 37(1st Cir. 1987); *Brower v. County of Inyo*, 489 U.S. 593, 109 S.Ct. 1378, 103 L.Ed. 628 (1989). "A motion to dismiss under Rule 12(b)(6) will only be granted when it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief". *Conley v. Gibson*, 355 U.S. 41, 45-46; 2 L.Ed. 2d 80; 78 S.Ct. 99 (1957).

However, although the threshold for stating a claim is low, it is not nonexistent. "It is the Plaintiff's burden to take the step which brings his case safely into the next phase of the litigation." *Gooley v. Mobil Oil Corp*. 851 F.2d 513, 514 (1st Cir. 1988). No credit need be given to gauzy generalities, unsupported conclusions, subjective

characterizations, and problematic suppositions. *Merritt v. Aylmer, etc.*, 1992 U.S. App. Lexis 28857, citing *The Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir. 1989). "It is not enough to allege a general scenario which could be dominated by unpleaded facts, nor merely to allege without specification that defendants used their powers generally with respect to various governmental bodies to plaintiff's prejudice." *Merritt v. Aylmer, etc*, 1992 U.S. App. Lexis 28857; citing *Dewey v. University of New Hampshire*, 694 F.2d 1, 3 (1st Cir. 1982).

Plaintiff's factual assertions are nothing more than unsupported conclusions, suppositions, and generalities. In each allegation outlined by the Plaintiff, he merely states "the remaining balance of [sum of money] of personal funds were stolen and misappropriated by agents and/or accountants of the Department of Corrections Inmate Account Office." The only factual assertion the Plaintiff appears to set forth is that the removal of the funds is in violation of DOC Policy #13.03, page 5 of 8. (Plaintiff's Exhibit A in the Complaint). However, plaintiff fails to state how this policy supports his claim, how the funds were removed in contravention of the policy, and what the purported purpose was for the removal of the sums. He also fails to disclose any outstanding negative balances he was carrying, how such a negative balance effected the removal of funds, and, with the exception of commissary purchases, what ongoing expenses he incurred relevant to the funds. Plaintiff's complaint set forth nothing more than bare conclusions and lacks sufficient facts to evaluate his claims.

However, even if the Court were to view the facts articulated by the Plaintiff as sufficient, true, and in the light most favorable to him, Plaintiff still fails to state a claim upon which relief can be granted.

**II. <u>Plaintiff claims the removal of the funds is in violation of the Financial Institutions Reform, Recovery and Enforcement Act of 1989, 12 U.S.C.A. § 1883(a).</u>**

This statute has no applicability to Plaintiff's claims of misappropriation. 12 U.S.C.A.§ 1883, relates to insurance rates and insurance protection for financial institutions against losses resulting from robberies, burglaries and larcenies committed by individuals upon those institutions. The statute specifically states the purpose of the regulation is to "determine the feasibility and desirability of premium rate differentials based on the installation, maintenance and operation of security devices and procedures." *<u>12 USCS § 1883 (2005).</u>* This statute is wholly inapplicable to Plaintiff's claim. Even if the Court accepts the facts presented as true and construes those facts in the light most favorable to Plaintiff, he fails to state a claim for which relief can be granted under 12 U.S.C.A.§ 1883.

**III. <u>Plaintiff claims the removal of the funds is in violation of the federal Obstruction of Justice statute 18 U.S.C. § 1503.</u>**

This statute also has no applicability to Plaintiff's claims of misappropriation. 18 U.S.C. § 1503 provides:

§ 1503. Influencing or injuring officer or juror generally

> (a) Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States magistrate judge or other committing magistrate, in the discharge of his duty, or injures any such grand or petit juror in his person or property on account of any verdict or indictment assented to by him, or on account of his being or having been such juror, or injures any such officer, magistrate judge, or other committing magistrate in his person or property on account of the performance of his official duties, or corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be punished as provided in subsection (b).

This statute relates to the federal criminal offense of Obstruction of Justice. The purpose of the statute is to "protect not only procedures of [the] criminal system but also its goal is to achieve justice; it is designed to protect witnesses in federal courts and also to prevent miscarriage of justice. *Unites States v. Griffin*, 444 U.S. 825, 62 L.Ed. 2d 32, 100 S.Ct. 48. The statute "renders illegal all interference with judicial functions of the United States, and the final clause of the statute was added ....to cover those means of interference which the draftsmen were not prescient enough to enumerate. *United States v. Bonanno*, 285 F.2d 408 (N.Y. 1960). "18 U.S.C.S. § 1503 is a criminal statute that does not provide for private causes of action." *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1482 (Cir. 9th 1997). Plaintiff's allegations in no way relate to tampering, interfering or obstructing witnesses, jurors, or the judicial functions

of the courts of the United States. Under any interpretation of the facts set forth by the Plaintiff, he fails to state a claim for which relief can be granted under 18 U.S.C.§ 1503.

## IV. Plaintiff claims the removal of the funds is in violation of Rhode Island General Laws 11-41-11; 11-41-11.1 and 11-41-12.

These statutes define the criminal charges of Embezzlement (RIGL 11-41-11), Unlawful appropriation (RIGL 11-41-11.1), and Fraudulent conversion by agent or factor (RIGL 11-41-12) under the laws of the State of Rhode Island. None of these statutes relate to federal statutory law. Further, where state law provides a meaningful post-deprivation remedy, the taking or destruction of an inmate's property does not violate due process. *Ramirez v. Donald Wyatt Detention Center*, et al, 1998 U.S. Dist. Lexis 15434 (R. I. 1998), citing *Hudson v. Palmer*, 468 U.S. 517, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1989). Assuming arguendo, that Plaintiff has a valid claim under any of these statutes, his remedy is within the Rhode Island state court system, not the Federal Courts. Plaintiff has failed to state a claim under any of these criminal statutes where relief can be granted within the jurisdiction of the Federal courts.

## Conclusion

Based on the complete lack of specific facts necessary to evaluate the sufficiency of Plaintiff's claim, as well as his reliance on federal law and state statutes that are

either irrelevant or outside the realm of federal jurisdiction, Plaintiff's complaint should be dismissed for failure to state a claim upon which the court can grant relief.

Defendant, by his attorney,

Kathleen Kelly

Kathleen M. Kelly #5501
RI Department of Corrections
Office of Legal Counsel
40 Howard Avenue
Cranston, RI 02920
(401) 462-2622
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, postage-prepaid, to Plaintiff, Norman Bedford, Maximum Security, P.O. Box 8273, Cranston, RI 02920, on this 2nd day of November, 2005.