# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

NORMAND BEDFORD

v.

C.A. No. 05-111S

A.T. WALL, Dir. of the R.I. Dept. of Corrections, and the R.I. Dept. of Corrections.

## PLAINTIFF'S MOTION TO ENLARGE TIME TO FILE REBUTTAL MEMORANDA

Now comes Plaintiff, NORMAND BEDFORD, in the above entitled matter and hereby, moves this Honorable U.S District Court for an "Enlargement of Time to file a Rebuttal Memorandum," in response to Defendant's "Motion to Dismiss Complaint" sent and certified on November 2, 2005. Plaintiff's position, is that, he is unlawfully, confined to his cell for a period of 35 days with no access to the "Law library." Notably, in contradiction to Defendant's claim in their "Motion to Dismiss" Id. at P.5, Plaintiff's allegations do, in fact, relate to "tampering, interfering, or obstructing witnesses" in violation of 18

U.S.C. Sections 1503; 1512; and 1702., notwithstanding factual claims of "Concealment of Evidence" in a federal Court, as well as [maliscious Prosecution, and abuse of process] in violation of 42 U.S.C. Sec. 1983, and Sec. 7:56.

In support of the above contention, Appellant avers that he is a "material key witness" in a federal Court forum Challenging an absolute "Illegal and Void Judgment of a 1998 Conviction and Sentence," Pursuant to JOHNSON v. ZERBST, 304 U.S. 458 58 S.Ct. 1019, 82 L.Ed 1461 (1938); and U.S. v. RUSSELL, 411 US 423 (1973). Also, he has filed numerous "Affidavits of Complaint" with the federal Courts, all of which were never rebutted by the Defendant's. Since those claims were not rebutted they stand as truth in commerce, thus conceding to the above facts.

Furthermore, Plaintiff's Affidavits, Memoranda, and Pleadings demonstrate not just a "miscarriage of Justice", Pursuant to U.S v. GRIFFIN, 444 U.S. 825, 62 L.Ed. 2d 32, 100 Sct. 48, but, that the same Defendant's in the action of No. 05-111 S, are the co-conspirator's behind a host of federal criminal activity, which has exaccerbated Plaintiff's causes, Pending litig-

ation in the federal Court's. In further support of Plaintiff's "Obstruction of justice" Claim, as it relates to "interference with the judicial functions" connected to his pending litigation in the federal Court's, surprisingly, he was confined to his cell at the Maximum Security facility for 35 consecutive days, beginning on November 3, 2005, just 1-day after the Defendant's sent and certified their "Motion to Dismiss" Complaint, when the Plaintiff was booked for alleged infractions on the dates of October 18, 19, and 20, of 2005. With years of experience, and the subjection of "Cruel and unusual Punishment" by the Defendant's, 'coincidence' is to the contrary, of the calculated semantics of a "Corrupt endeavor" to obstruct the administration of justice, as it relates to the Plaintiff's "access to the Court's," to litigate Criminal and Civil pleadings, which the Defendant's, as a whole, are the Parties to offences.

Therefore, for all the aforementioned claims, ~~Appellant~~ Plaintiff, hereby Prays that this Court grant him an "Enlargement of Time" of sixty (60), days to file a Rebuttal Memorandum to the Defendant's Motion

to Dismiss his Complaint, or more specifically, sixty (60), working days from November 7, 2005, respectively, through the granting of this motion.

Dated: 11-4-05

Respectfully submitted
Normand Bedford
NORMAND BEDFORD
P.O. BOX 8273
CRANSTON, RI 02920

## Certification

I the undersigned hereby, certify that I caused an original copy of the within Motion to Enlarge Time to be mailed this 7th day of November, 2005, interdepartmental mail, to: Ms. Kathleen M. Kelly, RI Dept. of Corrections, 40 Howard Avenue, Cranston RI 02920.

Normand Bedford