**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Normand Bedford, *pro se*** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-111S** |
| | : | |
| **A.T. Wall, Director of the Rhode Island Department of Corrections, and the Rhode Island Dept. of Corrections** | : | |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR COURT ORDER FOR FREE ACCESS TO LEGAL WORK AND SUPPLIES**

Now come the Defendants in the above-entitled matter and hereby object to Plaintiff's motion requesting the court order the Department of Corrections to provide Plaintiff with additional legal materials and supplies beyond what he now receives. Defendant's arguments in support of their objection are set forth in the accompanying Memorandum.

Defendants, by their attorney,

Kathleen M. Kelly #5501
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-2622
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, postage-prepaid, to Plaintiff, Normand Bedford, Maximum Security, P.O. Box 8273, Cranston, RI 02920, on this 9th day of January, 2006.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Normand Bedford,** ***pro se*** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-111S** |
| | : | |
| **A.T. Wall, Director of the Rhode Island Department of Corrections, and the Rhode Island Dept. of Corrections** | : | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF THEIR OBJECTION TO PLAINTIFF'S MOTION FOR COURT ORDER FOR FREE ACCESS TO LEGAL WORK AND SUPPLIES**

Now come the Defendants in the above-entitled matter and hereby object to Plaintiff's motion requesting the court order the Department of Corrections to provide Plaintiff with additional legal materials and supplies beyond what he now receives.

Plaintiff currently has a lawsuit pending in this court alleging the Department of Corrections has illegally removed funds from Plaintiff's inmate account. On November 2, 2005, Defendants filed a motion to dismiss this complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. On November 7, 2005, Plaintiff filed a request for an extension of time in which to respond to Defendant's motion. Plaintiff's request was granted on November 29, 2005, and he was given until January 9, 2006 to respond.

On December 15, 2005, Plaintiff filed the instant motion with this court. In his memorandum in support of the motion, Plaintiff claims he is currently housed in segregation and being denied all access to his legal material and supplies. However, he also claims that the legal supplies he receives are insufficient for him to adequately litigate his case. Defendants dispute both these claims.

Plaintiff is currently housed in the segregation unit of Maximum Security due to numerous disciplinary infractions. He does not work at the ACI and while in segregation he cannot work. The warden of the facility has classified the Plaintiff as indigent; therefore he receives an indigent kit as outlined in DOC policy 2.25-2. (See Exhibit A – Policy 2.25-2, page 2.) This kit is given to all indigent inmates once a month, and consists of certain hygiene products, as well as six legal size envelopes, a fifty page writing pad and a pen. Based on established DOC policy, Plaintiff is also allowed unfettered access to copy his legal materials and unlimited amounts of postage for his legal documents.

There is no dispute that the Plaintiff has a constitutional right to access to the courts; Lewis v. Casey, 518 U.S. 343; 116 S. Ct. 2174; 135 L. Ed. 2d 606 (1996), however, he does not have a constitutional right to a certain amount of legal supplies. As long as the Plaintiff has adequate access to the courts, his constitutional rights relating to his litigation are satisfied. Plaintiff has more than adequate access to the courts and the legal materials necessary to litigate his claims. In no way does this department interfere with Plaintiff's ability to pursue his legal matters.

To establish a legitimate claim of denial of access to the courts, the Plaintiff must demonstrate an actual injury of a non-frivolous action. Casey v. Lewis, 518 U.S. at 349. As stated in Casey "It is for the courts to remedy past or imminent official interference with individual inmates' presentation of claims to the courts; it is for the political branches of the State and Federal Governments to manage prisons in such fashion that official interference with the presentation of claims will not occur." Casey

_v. Lewis_, 518 U.S. 350. "The right to access to the courts is protected by prohibiting state prison officials from actively interfering with inmates' attempts to prepare legal documents....file them, and by requiring state courts to waive filing fees, or transcript fees for indigent inmates." _Casey v. Lewis_, 518 U.S at 350.

The Department of Corrections submits this Plaintiff has numerous tools at his disposal to litigate his claims. Every 30 days he receives fifty pages of blank paper and six legal size envelopes to be used for whatever purpose he chooses. Plaintiff does not pay for any of these supplies. The expense is incurred by the Department of Corrections. He also receives unlimited access to copying and postage.

Plaintiff is not denied the right to copy and mail legal documents based on a lack of funds. Under established Department of Corrections' policy, inmates have the right to copy legal materials regardless of their ability to pay for this service. If an inmate needs to copy legal materials, but has no funds to pay for the cost, the expense is reflected as a charge to his inmate account. Under DOC policy #13.03, legal copies are recorded as an expense of 5 cents per copy and a record is maintained by showing a negative balance in the inmate's account. If the inmate receives money, 50% of the funds may be applied to the negative balance. The other 50% is available for use by the inmate in accordance with the rules and regulations of the institution. (See attached exhibit B – policy #13.03, page 5). At no time is Plaintiff or any inmate denied the right to copy legal documents to litigate his claims based on indigence or a lack of funds.

This policy also applies to postage expenses. When an inmate's legal mail arrives at the mail distribution center it is weighed, postage applied, and mailed out. The amount of postage is forwarded to Inmate Accounts and, if there are funds available in the account, that amount is deducted. If there are no funds in the account, the Department of Correction's incurs the expense without a charge to the inmate. At no time is an inmate restricted from mailing legal materials due to a lack of funds to pay for postage. In fact, a review of Plaintiff's inmate account shows he was erroneously charged a negative balance for legal postage on February 28, 2005. He filed a grievance with prison authorities and on March 7, 2005, those negative balances were voided. (See Exhibit C – copy of Plaintiff's inmate account).

A further review of Plaintiff's inmate account shows that in December 2004, Plaintiff had a negative balance of $373.57. By December 2005, that negative balance had increased to $752.20. $354.75 of this increase was for the copying of legal documents. At 5 cents a page that comes out to 7095 pages of legal copies[1].

Defendants' also point out that Plaintiff filed for an extension of time in which to respond to this department's motion and that extension was granted. In addition to this request, Plaintiff has also filed the instant motion with this court. Plaintiff has demonstrated no infringement upon his ability to litigate his claims.

---

[1] A negative balance has no impact on an inmate's confinement. It does no affect his release date, parole eligibility, or classification. Further, inmates have no obligation to pay these funds back at the time of release. Although they are asked to sign a form acknowledging the debt, they walk out the door of the facility still owing for the expenses unless they voluntarily choose to pay the negative balance.

Based upon the substantial amount and availability of legal supplies and services to the Plaintiff, as well as a complete lack of evidence that he has been denied access to the courts, Defendants' respectfully requests that Plaintiff's motion be denied.

Defendants, by their attorney,

Kathleen Kelly
Kathleen M. Kelly #5501
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-2622
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, postage-prepaid, to Plaintiff, Normand Bedford, Maximum Security, P.O. Box 8273, Cranston, RI 02920, on this 9th day of January, 2006.