# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

NORMAND BEDFORD

v. CA. No. 05-111S

A.T. WALL, Director, RI
Dept. of Corrections, et al. Page 1 of 5

## EMERGENCY MOTION TO ENLARE TIME

Now comes Plaintiff, Normand Bedford, in the above entitled matter and hereby moves this Honorable Court for an "Emergency Enlargement of Time" to file his "Rebuttal Memoranda, and Exhibits to the Defendants Motion to Dismiss Lawsuit." Plaintiff's Position, is that "he is still being denied legal copies, due to the unlawful restrictions of Prison Warden's February 27, 2006, resolution. See enclosed February 27, 2006, unlawful resolution distinctly, restricting Plaintiff's copying rights to the 7-3, shift only. Perhaps this is why Plaintiff was "falsely accused of disciplinary infractions" and segregated until April 11, 2006, because, notably, "law clerks, who do segregation inmates legal copying," are not permitted to enter segregation on 7-3, shift, the only time this

Plaintiff is allowed to make legal copies, according to enclosed February 27, 2006, Memo, by Warden Weeden. Plaintiff appealed the Warden's Memo, to the Dept. of Corrections Director, through the formal Grievance Procedure at Level-2, however, that Grievance, though "Emergency" has not yet been resolved. Plaintiff filed his Level-2 Grievance on March 1, 2006.

Also, on March 3, 2006, Plaintiff filed with this Court his "Notice of Appeal" to the Warden's February 27, 2006, resolution, and expected to obtain resolve, before he was again, targeted by DOC officer Frank Pezza, on March 8, 2006, while trying to secure copies of his rebuttal and exhibits. This was done in a "calculated scheme" and plot by prison officials, to "Obstruct due administration of Justice" through "dirty politics." Plaintiff was unlawfully taken to segregation on that day, March 8, 2006, where he remains to the Present, and also had his certified mail cards and receipts stolen on the same, allegedly by C/o Frank Pezza. Today is March 15, 2006, and Plaintiff still cannot make legal copies, is being denied the right to file grievances,

and is still being harrassed by Corrections officials, as he was involuntary compelled to sleep on a "cold steel slab" without a mattress, because the one he has is filthy, dirty, unsanitary, and therefore, "unsafe." In fact, despite numerous requests for a good mattress, Plaintiff will be compelled for a second night, to sleep without a mattress, because this Court failed, and continues to fail, to protect his Constitutional and Civil rights, from the ongoing "criminal actions" of these Defendants.

Plaintiff received today, March 15, 2006, this Court's March 14, 2006, Order granting his March 6, 2006, filed "Emergency Motion to Enlarge Time to File his Rebuttal Memoranda", with a new deadline date of March 24, 2006. However, do to unresolved issues described herein, deliberate obstruction, and interference by D.O.C. officials, Plaintiff is still barred from producing legal copies, in violation of the holdings in Chriceol v. Phillips, 169 F.3d ~~1030~~ (313)(5th Cir. 1999); Jones v. Greninger, 188 F.3d 322 (5th Cir. 1999); and Lewis v. Casey, 518 US 343, 135 LEd2d 606, 116 SCt 2174 (1996).

Plaintiff asserts, that he must be allowed to copy his "Rebuttal Memorandum and Exhibits", and send it out to the Court, via certified mail receipt, which takes up to seven days to reach it's destination. Plaintiff neither has certified cards and receipts, because they were deliberately stolen, nor has he had his "legal copying rights" restored to enable him to meet this Court's deadline of March 24, 2006, for filing his rebuttal.

Plaintiff submits the enclosed second original copy of his March 10, 2006, letter to acting Director of Corrections, A.T. Wall, requesting "full access to legal copying rights", amongst other forms of relief. He has received no answer thus far, though at least four other letters were sent to Director Wall, requesting the same.

Plaintiff further submits, that he has other pending matters in this Court, related to the February 14, 2006, "Refiling of his Petition for Temporary Restraing Order against the Defendants, which should clearly take precedents, and not be overshadowed or sidestepped, by not allowing Petitioner/Plaintiff an "Emer-

gency Motion for Enlargement of Time to File his Rebuttal and Exhibits, and other evidence relevant to this case, because to do so, would render all these other important claims moot, once the Court decides the merits of Plaintiff's Rebuttal Memorandum and it's exhibits.

Therefore, Plaintiff respectfully requests that the instant "Emergency Motion to Enlarge Time to File his Rebuttal to the Defendants Motion to Dismiss Lawsuit, be granted, extending the time 30 days, from the date of certification of this motion, respectively.

Respectfully submitted

Dated: 3-15-06

Normand Bedford

Normand Bedford (Pro se)
P.O. Box 8273, Cranston RI 02920

Certification

I the undersigned hereby certify that I caused an original copy of the within "motion to enlarge time" to be mailed this 20th day of March, 2006 interdepartmental mail, to: Ms Kathleen M. Kelly, RI Dept. of Corrections, 40 Howard Avenue, Cranston, RI 02920.

Normand Bedford