U.S. Federal District Court
Attn: Senior Judge Smith,
1 Exchange Terrace,
Providence, RI 02903

March 20, 2006

RECEIVED
MAR 23 2006
Property of U.S. District Court
District of Rhode Island

Re: Normand Bedford C.A. No. 05-111S
Denial of Legal Copying rights
without unlawful or unreasonable restrictions.

Dear Senior Judge Smith:

I am writing to you to request immediate "emergency Injunctive Relief." I am the Plaintiff in a civil lawsuit in the case number cited above. The Defendants are the R.I. Dept. of Corrections.

I am being denied all forms of Due Process, and Equal Protection of the laws. My legal copying rights were denied on February 16, 2006, thru the present day of March 19, 2006, without remedy. The D.O.C., (Defendants), have placed unlawful restrictions, and burdens on me that cannot, by law be met. The D.O.C., has repeatedly restricted, modified, and re-modified the Warden's February 27, 2006, resolution, restricting my legal copying rights.

In the week following the Warden's denial of my right to make legal copies, he requested me

to Provide evidence from the Court of how many copies were required in this case. This first request was in verbal form. Specifically, on February 27, 2006, I Presented the Court's February 6, 2006, Order to Warden James Weeden, and "he rejected it as, he was not inclined to believe the Order's authenticity," and refused to contact anyone for verification, despite it's noting, "Cc: Copy to counsel of record." The Warden's actions were just "deliberate interference" with "malicious intent," and "deliberate indifferance" in denying my access to the Court's.

Also, on February 27, 2006, Warden Weeden later changed his mind, by modifying, and restricting my access to legal copies. This was executed in his resolution dated the same.

On March 1, 2006, I filed an "Emergency Level 2 Grievance," appealing the Warden's unlawful and restrictive 2-27-2006, resolution. This Process legally took me outside of the Warden's legal authority and jurisdiction of the matter. Since the Warden's resolution was modified, as mentioned above, I was compelled to file a "Notice of Appeal" on March 3, 2006, with the Defendants counsel, and this Court.

During the course of my appeals process. I attempted to make copies of my rebuttal and exhibits on March 8, 2006, but in light of a "Clandestine conference" on March 7, 2006, between two "Co-conspirators", namely, Warden James Weeden, and Corrections office Frank Pezza, resulted in an "authorized planned attack" against me in a "corrupt endeavor" to obstruct justice, and virtually stop my copying and filing my rebuttal before the former deadline date of March 9, 2006, to file the same. This was successfully accomplished by officer Pezza, ordering me to be taken to segregation, an booked for several sanctions, which are completely "false allegations." This notably, was while officer Pezza, was in immediate possession of my "Confidential Pleadings and evidence" to which he refused to hand me, when I left to go to segregation. Instead, when it was returned to me a short time later, it was in complete disorder and my certified mail cards and receipts were reportedly stolen from my legal folder.

On March 8, 2006, in segregation, it was learned by officer Manuel Pinheiro, that "law clerks are not authorized to enter segregation during 7-3, shift, notably, the only time that

I was allowed to make legal copies, per instruction of Warden Weeden's February 27, 2006, resolution.

Also, on March 1, 2006, I filed an "Emergency Petition for Writ of Habeas Corpus with this Court. Very peculiarly, U.S. Magistrate Jacob Hagopian, denied me my right to be brought before this Court to explain my complex position. Mysteriously, U.S. Magistrate Hagopian's Order of denial was signed and dated March 7, 2006, the same day of Warden Weeden's clandestine meeting with C/o Frank Pezza, and one day ~~after~~ before I was taken to segregation on March 8, 2006, and two days before my former deadline date of March 9, 2006, to file my rebuttal to the Defendants Motion to Dismiss Lawsuit.

Plaintiff has been repeatedly told that the Superior Staff refuse to come speak with him in Segregation. Plaintiff has been ignored regarding Pending Grievance Complaints at Level 1, and Level-2. Plaintiff has been harrassed in seg., by depriving him of any mattress, after his was removed for unsanitary reasons. Five days, Plaintiff has slept on a cold, hard, steel bunk. Plaintiff has not been provided with

new certified mail cards and receipts, upon request, and was told the D.O.C. was "out of supply," to date, March 19, 2006.

Despite at least five letters to the Director of Corrections, requesting "full access to copying rights without restriction" Plaintiff has only received a written response dated March 14, 2006, by Defendants counsel of record. Plaintiff received that letter on March 18, 2006, four days later. Incidently, that letter now unlawfully modifies Warden's February 27, 2006, resolution for a third time, including Warden's initial verbal instruction. Despite no official resolution by Level 2 Grievance on the issue of legal copies, Counsel's letter unlawfully, suggests Plaintiff to "hand over his confidential legal pleadings to the same federal criminals, prior to filing with the Court, who have repeatedly confiscated confidential legal material from this Plaintiff, repeatedly stolen legal material and discarded, after hand delivery, pryed into Plaintiff's legal business and secrets, harrassed, intimidated, and unlawfully segregated repeatedly," and then passed off to other administrators, before he can obtain copies of legal pleadings. Plaintiff is protected by

"attorney client confidentiality laws." Since Plaintiff is "Pro se", he cannot, and will not, allow these Defendants to infringe on his Due Process and Equal Protection of the law.

Also, misleading claims have been incorporated in Counsel's March 14, 2006, letter, the same of which Plaintiff hasn't been afforded the time or right to rebut, thus, causing him undo prejudice, as it relates to "full copying rights pursuant to the 1st Amendment to the U.S. Constitution, and Due Process.

The Defendants attorney, in their March 4, 2006, letter, wrongly, assert that "These copying charges were at the expense of the Department of Corrections due to the lack of funds in your inmate account", speaking of copies made from 1-31-2006, thru 2-8-2006. Yet their Policy #13.03 states, "If an inmate has an insufficient balance in his/her account, a charge will nevertheless be placed against the account." Their letter also states, that "In fact, a review of your inmate account reveals $300.00 was deposited in your account", thereby reducing your negative balance from $802.10, to $652.10. Thus, the Dept. of Corrections do not incur any costs of legal copying," Plaintiff incurs all."

Since Plaintiff incurs all costs to his prejudice and account, and since Plaintiff continues to receive substantial money deposits, and since Plaintiff is no longer deemed indigent, then he should not be "deliberately", restricted or denied full access to legal copying rights, as every other inmate incarcerated. Moreover, Defendants attorneys "mere suggestions" of how Plaintiff should go about obtaining legal copies does not satisfy due process, as it relates to his right of interlocatory appeal, and Level 2, Grievance resolution.

Plaintiff hereby, for all the reasons set forth within, respectfully requests immediate "emergency injunctive relief," as well as "emergency order enlarging the time at least 30, days, (thirty days), to file his rebuttal to the Defendants motion to Dismiss, as well as two additional rebuttals to associated pleadings, respectively."

Respectfully submitted
Normand Bedford
P.O. Box 8273 (Pro se)
Cranston, RI 02920
Normand Bedford

# Certification

I the undersigned hereby certify that I caused an original copy of the within letter dated March 20, 2006, to be mailed this 20th day of March 2006, via interdepartmental mail to: Ms. Kathleen M. Kelly, RI Dept. of Corrections, 40 Howard Avenue, Cranston, RI 02920

Normand Bedford
P.O. Box 8273
Cranston, RI 02920
Normand Bedford (Pro se)