UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NORMAND BEDFORD

v. CA. No. 05-111S

A.T. WALL, Director, RI
Dept. of Corrections, et al.

PLAINTIFF'S REBUTTAL TO THE DEFENDANTS MEMORANDUM IN RESPONSE TO PLAINTIFF'S MOTION FOR ENLAREMENT OF TIME IN WHICH TO RESPOND TO DEFENDANTS MOTION TO DISMISS

Now comes Plaintiff, Normand Bedford, in the above-entitled matter and hereby rebuts the Defendants Memorandum in Response to Plaintiff's Motion for Enlargement of Time in which to Respond to Defendants Motion to Dismiss Lawsuit.

Plaintiff submits the attached Memorandum in Support of the instant rebuttal.

Wherefore, Plaintiff resvests that the Defendants Memorandum be found "meritless."

# Certification

I the undersigned hereby certify that I caused an original copy of the within Rebuttal to be mailed this 29th day of March 2006 via interdepartmental mail to: Ms. Kathleen M. Kelly, RI Dept. of Corrections 40 Howard Avenue, Cranston, RI 02920.

Normand Bedford

Normand Bedford (Pro se)
P.O. Box 8273
Cranston, RI 02920

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NORMAND BEDFORD

v. C.A. No. 05-111S

A.T. WALL, Director, RI
Dept. of Corrections, et al.

PLAINTIFF'S REBUTTAL TO DEFENDANTS MEMORANDUM IN RESPONSE TO PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME IN WHICH TO RESPOND TO DEFENDANTS MOTION TO DISMISS

Now comes Plaintiff, Normand Bedford, in the above-entitled matter and hereby submits his "Rebuttal Memorandum in Response to Defendants March 6, 2006, Memorandum in Response to Plaintiff's Motion For Enlargement of Time in which to Respond to Defendants Motion to Dismiss."

Plaintiff's numerous claims that he "has been deliberately denied the right to make [legal] copies from February 16, 2006, thru March 26, 2006, are not without merit." Specifically, in the dates noted above, Plaintiff was completely denied all access to legal copies, as aff-

irmed by the attached February 24, 2006, Memo, by Warden James Weeden, which states, at Paragraph 3, that "Officer Pezza was under my instruction to deny Mr. Bedford's request for more copies."

On February 27, 2006, Prison Warden, James Weeden, issued a memo to Plaintiff, then, "Restricting and/or modifying his right to make legal copies to officer Frank Pezza's shift only, 7-3." On March 1, 2006, Plaintiff filed an "interlocutory appeal" by way of Level 2, Grievance Procedure within the R.I. Dept. of Corrections, Maximum Security facility. Notably, within that appeal Plaintiff emphasized that Warden Weeden was specifically, "Shown this Court's 2-6-06 Order demanding that Plaintiff's Pleadings be filed in 'triplicate', per (Local Rule LR CV 7 ©), yet in the Defendants March 6, 2006, Memorandum in Response to Plaintiff's Motion to Enlarge Time, at Page 2, Pretend they had no knowledge of this Court's 2-6-06 Order, by stating, that "The Departments reluctance to permit more copying without some sort of verification of need is warranted in this case, and not evidence of a "Corrupt endeavor." These facts "now Prove otherwise." Also, on Page 2, of their

Memorandum, Defendants claim that "Plaintiff refuses to mitigate his circumstances by accepting a job." And on Page 1, further state, that, "Defendant submits that Mr. Bedford was offered a Prison job on February 28, 2006, which Mr. Bedford declined, stating that he Preferred a job in the dining room." As shown from the Defendants 2-28-2006, Memo attached to their memorandum, signed by officer Frank Pezza, Plaintiff clearly stated "I need a lite Dutie Job Like Dinning Room Packer." This is in light of Plaintiff's documented mental and emotional illness, his severe interpersonal relationship difficulties with inmates and officers alike, as well as his overwhelming legal agenda. Moreover, Plaintiff has been repeatedly harrassed, intimidated, threatened, and impeded from his access to the Courts, by the same officer who cunningly offered him a job in his working-post. This same officer is under investigation by "Internal Affairs Division" of the R.I. Dept. of Corrections, for all of the above claims and more. This same officer has repeatedly retaliated against Plaintiff, by repeatedly, sanctioning, and falsely accusing him of violating Prison rules, the same of which Plaintiff is now

again, "unlawfully segregated." The job offer was nothing more than a "legal strategy" and part of the Defendants "dirty politics" in defending their decision to "deny, restrict, impede and interfere" with Plaintiff's access to this Court in a civil lawsuit.

On March 14, 2006, Defendants sent the Plaintiff a two page letter. On page two of that letter, they state, that, "In fact, a review of your inmate account reveals $300.00, was deposited in your account," - $150.00 on 3-1-06, and $150.00 on 3-6-06. Yet, these Defendants refuse to remove all unlawful restrictions to Plaintiff's legal copying rights, despite their foreknowledge of this Court's Orders of 2-6-06, and 3-14-2006, ordering Plaintiff to file his rebuttal memorandum to the Defendants Motion to Dismiss Lawsuit, by March 24, 2006. See enclosed letter dated March 14, 2006. Interestingly, the Defendants letter suggesting "how Plaintiff goes about his future legal business," is unlawful, creates unreasonable delay, and is just plain wrong, in light of recent deposits, especially, this Court's recent Orders requiring substantial copies in triplicate. Plaintiff therefore, "has,

and continues to be, unlawfully denied any and all "legal copying rights" without Prejudice, delay or restrictions, nor without unlawful invasion, by Staff who, as a whole, are Presently under investigation by Internal Affairs Division, for federal crimes, and the same of which, are all Defendants in this civil lawsuit for "Obstruction of Justice" claims, thus, further violating Plaintiff's Constitutional and Civil rights, Pursuant to the 1st, 5th, 6th, 8th, and 14th Amendments to the U.S. Constitution.

Therefore, Plaintiff respectfully requests that Defendants March 6, 2006, Memorandum in Response to Plaintiff's Motion for Enlargement of Time in which to respond to Defendants Motion to Dismiss Lawsuit, be found "meritless."

Respectfully submitted

Dated: March 23, 06 Normand Bedford

Normand Bedford (Prose)
P.O. Box 8273
Cranston, RI 02920

# Certification

I the undersigned hereby certify that I caused an original copy of the within rebuttal to Defendants March 6, 2006 memo, to be mailed this 29th day of March, 2006, via interdepartmental mail, to: Ms. Kathleen M. Kelly, RI Dept. of Corrections, 40 Howard Avenue, Cranston, RI 02920.

Normand Bedford

Normand Bedford (Prose)
P.O. Box 8273
Cranston, RI 02920

**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS**
**INTER-DEPARTMENTAL MEMO**
**MAXIMUM SECURITY**

Memorandum to: Ann Fortin Assistant to the Director

Department: Corrections

From: James Weeden, Warden

Department: Maximum Security

Date: February 24, 2006

Subject: **Norman Bedford # 102384**

This is in response to Mr. Bedford's complaint on denial of legal copies. Mr. Bedford copied 909 copies between January 31 and February 8, 2006. This amount is considered unreasonable for an indigent inmate under policy 13.03 "A ccess to courts and Legal Materials".

Under 13.03 "Unrea sonable (i.e., voluminous or repeat) requests for photocopies from indigent inmates may be denied at the discretion of the Warden or designee (satellite libraries) and/or the Law Librarians (Central Law Library).

Officer Pezza was under my instruction to deny Mr. Bedford's requests for more copies.

Mr. Bedford was removed from the grievance procedure for abuse previously. He is problem inmate that takes advantage of his indigent status, speaks and corresponds in a condescending manner to all staff.

This manager believes his abuse of the copying machine is unnecessary and a burden to taxpayers.

CC: File

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

Department of Corrections
OFFICE OF LEGAL COUNSEL
40 Howard Avenue
Cranston, R.I. 02920
Tel: (401) 462-2622
Fax: (401) 462-2583
TDD: (401) 462-5180

Normand Bedford
Maximum Security
P. O. Box 8273
Cranston, RI 02920

March 14, 2006

Re: Letter to Director A. T. Wall, dated March 4, 2006

Dear Mr. Bedford:

I am in receipt of a letter you sent to Director A. T. Wall on March 4, 2006, in which you complain of restrictions upon your ability to make copies at the law library. I have reviewed your letter and made independent inquiry into the substance of your allegations. Based on RIDOC policy, as well as information I have received from staff, the copying restrictions placed upon you appear fair and reasonable under the circumstances.

A review of your inmate account reveals that from December 2004 to February 1, 2006 you made approximately 7,730 copies. Further, according to Warden Weeden, in approximately a one week period, from January 31, 2006 to February 8, 2006, you made 909 copies. These copying charges were at the expense of the Department of Corrections due to the lack of funds in your inmate account. A review of Department of Corrections Policy #13.03 states, "If an inmate has an insufficient balance in his/her account, a charge will nevertheless be placed against the account. Such a charge will result in a negative balance in the inmate's account." Generally, there are no restrictions on the number of copies an inmate makes; however, "unreasonable (voluminous or repeat) requests for photocopies from indigent inmates may be denied at the discretion of the Warden or his designee, or the law librarians." <u>See Policy 13.03</u>.

Based on the number of copies made from January 31, 2006 to February 8, 2006, as well as the number of copies you have made since December 2004, it does not appear

unreasonable that Warden Weeden has determined you are abusing copying privileges. My own reviews of the documents you have forwarded to me show numerous copies of documents that are already filed with the court and therefore are repetitious in nature. Further, Warden Weeden has not denied you all access to the copying machine. He has simply required that you present evidence or information to him or his designee that the copies are required by the court.

It is not the desire of the Department of Corrections to interfere with your ability to litigate your matters; however, the department must also be mindful of the costs associated with litigation claims where the inmate is incapable of paying for the fees associated with the litigation (ie. copying and postage expenses). Therefore, after a review of the overall situation, this is what the department has determined to be the best course of action. When you need legal copies made you will turn those documents over to the area Lieutenant who will forward them to the paralegals at the central law library in the Bernadette building. The paralegals will then review your documents to determine if, in fact, the copies are necessary. If they have any questions, they will contact me. In this way your ability to litigate your legal matters will not be infringed upon and the department will not be incurring unnecessary expenses for repetitious or irrelevant legal copies. Please be mindful that this process may somewhat increase the length of time it takes you to get copies made; therefore, plan accordingly.

Also, you indicate in your letter that you are no longer classified as indigent based of a deposit into your account in the amount of $50.00. In fact, a review of your inmate account reveals $300.00 was deposited in your account - $150.00 on 3/1/06 and $150.00 on 3/6/06. You used approximately $80.00 of these funds for commissary purchases and $150.00 was applied to your negative balance, thereby reducing it from $802.10 to $652.10. It is also my understanding that you refused a job offer on February 28, 2006. RIDOC policy #2.25-2 states "an indigent inmate is defined as one who is involuntarily unemployed, and has less than ten dollars in his account." Your refusal to accept work also places you outside the indigence classification. However, indigence aside, you still retain access to the copy machine and the ability to copy documents as long as you can demonstrate that said copies are necessary to litigate your matters.

Sincerely,

Kathleen M. Kelly
Senior Legal Counsel
Rhode Island Department of Corrections

cc: A. T. Wall
J. Weeden
S. Boyd
J. Gadsden
P. Coyne-Fague
A. Fortin