**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Normand L. Bedford, *pro se*** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-111S** |
| | : | |
| **A.T. Wall II, Director of the Rhode Island Department of Corrections, et al.** | : | |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO ENLARGE TIME TO FILE REBUTTAL MEMORANDUM**

Now come the Defendants in the above-entitled action and hereby object to Plaintiff's motion requesting an enlargement of time in which to file his response to Defendant's Motion to Dismiss. Defendants request Plaintiff's motion be denied for failure to show just cause for the enlargement of time. Please see Defendant's accompanying Memorandum of Law in support of this request.

Defendant, by his attorney,

Kathleen M. Kelly #5501
RI Department of Corrections
Office of Legal Counsel
40 Howard Avenue
Cranston, RI 02920
(401) 462-2622
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, postage-prepaid, to Plaintiff, Norman Bedford, Maximum Security, P.O. Box 8273, Cranston, RI 02920, on this 6th day of April, 2006.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Normand L. Bedford, *pro se*** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-111S** |
| | : | |
| **A.T. Wall II, Director of the Rhode Island Department of Corrections, et al.** | : | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO PLAINTIFF'S MOTION TO ENLARGE TIME TO FILE REBUTTAL MEMORANDUM**

Now come the Defendants in the above-entitled action and hereby submit this Memorandum of Law in support of its Objection to Plaintiff's motion requesting an enlargement of time in which to file his response to Defendant's Motion to Dismiss. Defendants request Plaintiff's motion be denied for failure to show just cause for the enlargement of time.

**Facts and Travel of the Case:**

Plaintiff, Norman Bedford, is an inmate currently housed at the Maximum Security facility of the Adult Correctional Institution, in Cranston, Rhode Island. Plaintiff has filed a law suit in Federal District Court for the District of Rhode Island, alleging that the Department of Corrections and certain of its agents and employees has stolen and misappropriated plaintiff's personal funds from his inmate account in violation of the Department of Corrections policy #13.03, the Financial Institutions Reform, Recovery and Enforcement Act of 1989, 12 U.S.C.A. § 1883(a); Obstruction

of Justice under 18 U.S.C.S. §1503 and Rhode Island General Laws § 11-41-11, 11-41-11.1, and 11-41-12.

In response to Plaintiff's allegations, on November 2, 2005, Defendants filed a Motion to Dismiss under Rule 12 of the Federal Rules of Civil Procedure. Since that time Plaintiff has made numerous requests for extensions of time in which to file his response to Defendant's motion to dismiss. To date, each of these requests has been granted by the Federal District Court for the District of Rhode Island.

On November 7, 2005, Plaintiff filed his first request for an extension of time. This request was granted and Plaintiff was given until January 9, 2006, to file his response. Plaintiff later filed a second request for an extension of time. This request was granted by Senior Magistrate Judge Jacob Hagopian on January 7, 2006, and Plaintiff was given until March 9, 2006, to file his response[1]. Along with granting Plaintiff's 2nd request, this Honorable Court specified "no further extensions of time will be permitted". Despite this admonition, on February 27, 2006 and March 6, 2006, Plaintiff filed two more motions for an extension of time. Defendant's filed a response to these motions on March 6, 2006. At that time, Defendants did not object Plaintiff's request; however, Defendant's disputed the facts alleged by Plaintiff as the basis for his request for the extension. This Honorable Court granted Plaintiff a third extension of time, requiring him to file a response by March 24, 2006. The Court also stated that no further requests for extensions of time would be permitted. Despite this second

---

[1] Defendants did not receive a copy of Plaintiff's second request; however, Defendants did receive Magistrate Judge Hagopian's Order dated January 7, 2006, granting the request. Defendants did receive Plaintiff's request for an extension of time certified as mailed on January 18, 2006. This request was denied as moot by Magistrate Judge Hagopian on February 7, 2006, based on his previous Order of January 7, 2006.

admonition, Plaintiff has now filed another motion for an extension of time in which to file his response. At this point, Defendants respectfully object to any further enlargements of time. The grounds for Defendant's objection are set forth below.

**Argument:**

Defendants submit Plaintiff has not shown just cause for the granting of another enlargement of time. Any extension of a time limitation "must be for cause shown" and is at the discretion of the court. Lujan v. National Wildlife Federation, 497 U.S. 871, 896; 110 S.Ct. 3177, 3192; F. R. Civ. P. 6(b)(1).

Plaintiff, Normand Bedford, has had since early November 2005 to file a response to Defendants' motion to dismiss. Instead of doing so, he has chosen to file numerous requests for extensions, along with motions seeking various forms of injunctive relief. Plaintiff alleges misconduct by the Department of Corrections makes these extensions necessary. Specifically, Plaintiff claims that the department "has denied [him] the fundamental right to make legal copies for his essential filing" (Plaintiff's motion dated February 27, 2006, page 1), "restrict[ed] Plaintiff's copying rights to the 7 -3 shift" (Plaintiff's motion dated March 20, 2006), and is "still [barring him] from producing legal copies" (Plaintiff's motion dated March 20, 2006, page 3).

The Department of Corrections disputes these allegations. A review of Plaintiff's inmate account reveals numerous instances where this Plaintiff made photo copies. As stated previously in Defendant's Objection to Plaintiff's Motion for Court Order for Free Access to Legal Materials, dated January 9, 2006, the Department of

Corrections charges five cents per copy for photocopying and lack of funds in the inmates account does not effect the inmates ability to copy legal material. (See Defendant's Objection, page 3).

A review of this inmate's account reveals that he has been given extensive access to the copy machine. In November 2005, Plaintiff had access to the copy machine and made 10 copies; from December 14, 2005 to December 23, 2005, Plaintiff made 63 copies; prior to February 1, 2006, but posted on that date, he made 26 copies; and from January 31 – February 8, 2006, he made 909 copies (this is reflected under the 2/27/06 ledger entry). (See attached inmate account ledger, 2 pages, Exhibit A).

When it came to Warden James Weeden's attention that Plaintiff had made almost a 1000 copies in a one week period, Warden Weeden placed certain restrictions on Plaintiff's copying privileges. He required the Plaintiff to demonstrate that any copying requests were necessary and relevant to litigate his claims. (See attached letters – Exhibits B and C). Plaintiff may still access the copy machine as long as he presents documents that relate to legal litigation.

It is clear from the record that, contrary to Bedford's claims, he was given virtually unfettered access to the copy machine up to February 8, 2006. Since February 8th, and due directly to his abuse of copying privileges, his access is restricted to the extent that he must demonstrate a legitimate need for copies. What Mr. Bedford chose to copy in those almost 1000 pages is unknown to the department, but he clearly had the ability to copy and mail his response long before today.

The department asserts Plaintiff's allegations are nothing more than a stalling tactic and that he has been given more than ample opportunity to reply to Defendant's Motion to Dismiss. Based on the foregoing argument, the Defendants respectfully request the Plaintiff's latest motion for an enlargement of time be denied and the Plaintiff be required to respond to Defendant's pending motion to dismiss.

Defendant, by his attorney,

Kathleen Kelly

Kathleen M. Kelly #5501
RI Department of Corrections
Office of Legal Counsel
40 Howard Avenue
Cranston, RI 02920
(401) 462-2622
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, postage-prepaid, to Plaintiff, Norman Bedford, Maximum Security, P.O. Box 8273, Cranston, RI 02920, on this 6Th day of April, 2006.