**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**NORMAND BEDFORD**

**v.** **C.A. No. 05 - 111 S**

**A.T. WALL, II**, Director,
Rhode Island Department of Corrections, et al.

## Report and Recommendation

Jacob Hagopian, Senior United States Magistrate Judge

Normand Bedford ("plaintiff"), *pro se*, filed a Complaint on March 31, 2005, naming as a defendant A.T. Wall, II ("defendant"), Director of the Rhode Island Department of Corrections. Currently before the Court is the motion of the defendant to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff filed an objection thereto. This matter has been referred to me pursuant to 28 U.S.C. § 636 (b)(1)(B) for a report and recommendation. For the reasons that follow, I recommend that the defendant's motion to dismiss be **GRANTED**.

## Background

The following are the factual allegations from the Complaint which are taken as true for purposes of the instant motion:

Plaintiff Normand Bedford is an inmate in the custody of the Rhode Island Department of Corrections, Adult Correctional Institutions. Plaintiff alleges that numerous deposits have been made to his inmate account over a three year period. Plaintiff alleges that accountants at the Rhode Island Department of Corrections either wrongly applied a portion of these deposits to the negative balance that he has incurred while imprisoned, have stolen the funds, or misappropriated the funds to another

account. Plaintiff claims the total amount missing from his inmate account is $1,331.32.

Plaintiff brought suit seeking relief. Plaintiff alleges violations of 12 U.S.C. § 1883, 18 U.S.C. § 1503 and various Rhode Island state laws. Defendant has moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff has objected thereto.

**Discussion**

**A. Rule 12(b)(6) Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of actions which fail to state a claim upon which relief can be granted. In ruling on a motion filed under Rule 12(b)(6), the court must "accept the well pleaded averments of the ***complaint as true, and construe these facts in the light most favorable to the [plaintiff]." Chongris v. Board of Appeals, 811 F.2d 36, 37 (1st Cir. 1987). A Rule 12(b)(6) motion will only be granted when, viewed in this manner, it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-6 (1957).

Under a Rule 12(b)(6) motion, "a reviewing court is obliged neither to credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation, nor to honor subjective characterizations, optimistic predictions, or problematic suppositions." United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir. 1992). Unverifiable conclusions, not supported by the stated facts, deserve no deference. Id. Thus, in ruling on the motion to dismiss, the pertinent inquiry is whether plaintiff's Complaint sets forth sufficient factual allegations which, if proven, would support his claims of a deprivation of federal rights.

**B. 12 U.S.C. § 1883**

Plaintiff first cites as a basis for relief Title 12, United States Code Section 1883. Section

1883 is titled "Insurance rates; report to Congress," and provides, in part:

> The Federal supervisory agencies shall consult with
>
> (1) insurers furnishing insurance protection against losses resulting from robberies, burglaries, and larcenies committed against financial institutions referred to in section 1181 of this title, and
> (2) State agencies having supervisory or regulatory responsibilities with respect to such insurers
>
> to determine the feasibility and desirability of premium rate differentials based on the installation, maintenance, and operation of security devices and procedures. The Federal supervisory agencies shall report to the Congress the results of their consultations pursuant to this section not later than two years after July 7, 1968.

12 U.S.C. § 1883.

Section 1883 does not provide for a private cause of action. See id. Accordingly, plaintiff's Complaint, insofar as it asserts a claim for relief under 1883, should be dismissed. I so recommend.

**C. 18 U.S.C. § 1503**

Next, plaintiff attempts to invoke Title 18, United States Code Section 1503 as a basis for relief. Section 1503 defines the federal criminal offence of obstruction of justice. See 18 U.S.C. § 1503. However, Section 1503 does not provide for a private cause of action. Forsyth v. Humana, Inc., 114 F.3d 1467, 1482 (9th Cir. 1997). Accordingly, plaintiff's claim under § 1503 should be dismissed. I so recommend.

**D. State Law Claims**

Finally, plaintiff has asserts various claims under Rhode Island state law. Since I have recommended that plaintiff's federal claims be dismissed, I recommend that the district court decline to exercise jurisdiction over plaintiff's state law claims.

## Conclusion

Accordingly, for the reasons set forth above, I recommend that defendant's motion to dismiss be granted. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to filed timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
May 23, 2006