**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**NORMAND BEDFORD**

**v.** **C.A. No. 05 - 111 S**

**A.T. WALL, II**, Director,
Rhode Island Department of Corrections, et al.

**Report and Recommendation**

Jacob Hagopian, Senior United States Magistrate Judge

Normand Bedford ("plaintiff"), *pro se*, filed a Complaint on March 31, 2005, naming as a defendant A.T. Wall, II ("defendant"), Director of the Rhode Island Department of Corrections. Currently before the Court is the motion of the plaintiff for preliminary injunctive relief where plaintiff asserts that the Department of Corrections has limited his photocopying, resulting in some sort of unsubstantiated harm. This matter has been referred to me pursuant to 28 U.S.C. § 636 (b)(1)(B) for a report and recommendation. For the reasons that follow, I recommend that plaintiff's motion for injunctive relief be **DENIED.**

**Discussion**

Plaintiff Normand Bedford is an inmate in the custody of the Rhode Island Department of Corrections, Adult Correctional Institutions. In his Complaint, plaintiff alleges that numerous deposits have been made to his inmate account over a three year period. Plaintiff alleges that accountants at the Rhode Island Department of Corrections either wrongly applied a portion of these

deposits to the negative balance that he has incurred while imprisoned, have stolen the funds, or misappropriated the funds to another account. Plaintiff claims the total amount missing from his inmate account is $1,331.32.

Plaintiff brought suit seeking relief, alleging violations of 12 U.S.C. § 1883, 18 U.S.C. § 1503 and various Rhode Island state laws. Plaintiff has filed a motion for preliminary injunctive relief, complaining of restricted access to a photo-copying machine.

As the party moving for preliminary injunctive relief, the plaintiff bears the burden to demonstrate (1) the potential for immediate, irreparable injury; (2) the likelihood of success on the merits of the case; (3) the relevant balance of hardships if the injunction does not issue; and (4) the effect on the public interest of a grant or denial of the motion. See Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir. 1991). A failure to demonstrate one of the requirements necessitates a denial of the motion for preliminary injunctive relief.

Here, plaintiff has failed to address any of the above mentioned requirements. Therefore, plaintiff's motion should be denied on that basis. Additionally, contemporaneous with the instant report and recommendation, I am issuing a separate report, recommending that this case be dismissed pursuant to defendant's motion under Fed.R.Civ.P. 12(b)(6). Accordingly, plaintiff has not, nor can not, demonstrate a likelihood of success on the merits of this case.

**Conclusion**

For the reasons set forth above, I recommend that plaintiff's motion for preliminary injunctive relief be denied. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to filed timely, specific objections to this report constitutes waiver of both the right

to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
May 23, 2006